G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com

Attorneys for Plaintiff,
RONALD RUYBAL

FILED
MAY 29 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

RONALD RUYBAL,

　　　　Plaintiff,

vs.

BROWN, MEYERS & ASSOCIATES,
LLC; DOES 1 to 10 inclusive,

　　　　Defendants.

Case No.: **C12-02718** EDL

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

**Demand Does Not Exceed $10,000**

## COMPLAINT

## INTRODUCTION

1.　　This is an action for actual and statutory damages brought by plaintiff Ronald Ruybal an individual consumer, against defendant Brown, Meyers, & Associates, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* (hereinafter "RFDCPA"),

1  which prohibit debt collectors from engaging in abusive, deceptive, and unfair

2  practices.

3  ## VENUE AND JURISDICTION

4  2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), Cal. Civ.

5

6  Code §§ 1788.30, and 28 U.S.C. § 1337.  Venue in this District is proper in that the

7  Defendant transacts business here and the conduct complained of occurred here.

8  ## PARTIES

9

10  4.     Plaintiff, Ronald Ruybal is a consumer, a natural person allegedly

11  obligated to pay any debt, residing in the state of California.

12  5.     Defendant, Brown, Meyers & Associates, LLC is a foreign

13

14  corporation engaged in the business of collecting debt in this state with its principal

15  place of business located in the state of New York.  The principal purpose of

16

17  Defendant is the collection of debts in this state and Defendant regularly attempts

18  to collect debts alleged to be due another.

19  6.     Defendant is engaged in the collection of debts from consumers using

20

21  the mail and telephone.  Defendant regularly attempts to collect consumer debts

22  alleged to be due to another.  Defendant is a ''debt collector'' as defined by the

23

24  FDCPA, 15 U.S.C. § 1692a(6), and the Cal. Civ. Code § 1788.2.

25  ## FACTS

26  7.     Upon information and belief, within one year prior to the filing of this

27

28  complaint, Defendant placed collection calls to Plaintiff, after Plaintiff already let

Defendant know that he is not the person responsible for the alleged debt and without Defendant having reason to think Plaintiff's response was erroneous; displaying the intent to annoy and harass Plaintiff, while seeking and demanding payment for an alleged consumer debt owed under an account number.

8.      The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

9.      Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to April of 2012.

10.     Upon information and belief, within one year of the filing of this complaint, Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by improperly continuing to contact Plaintiff, without his consent, after he already gave Defendant reason to know that he was not the person responsible for the alleged debt.

11.     As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in his feeling stressed, amongst other negative emotions.

## COUNT I – FDCPA

14.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15.     . Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)  Defendant violated $\S1692d(5)$ of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff; and

(b)  Defendant violated $\S1692b(3)$ of the FDCPA by calling a third party more than once without being requested to do so by the third party and without the reasonable belief that an earlier response from the third party was erroneous or incomplete and that now the third party has correct or complete location information; and

(c)  Defendant violated $\S1692f$ of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

16.     As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Ronald Ruybal for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## COUNT II – RFDCPA

20.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

21.   Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to the following:

(a) Defendant violated *§1788.17* of the RFDCPA by being a debt collector

collecting or attempting to collect a consumer debt that is not compliant

with the provisions of Sections 1692b to 1692j of the FDCPA, the

references to federal codes in this section referring to those codes as

they read as of January 1, 2001.

22.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23.   As a result of the foregoing violations of the RFDCPA, Defendant is liable to the plaintiff Ronald Ruybal for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and costs and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant Brown, Meyers & Associates, LLC for the following:

A. Actual damages.

1    B. Statutory damages pursuant to 15 U.S.C. § 1692k.

2    C. Statutory damages pursuant to Cal. Civ. Code § 1788.30.

3    D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and

4    
5    Cal. Civ. Code § 1788.30.

6    E. For such other and further relief as the Court may deem just and proper.

7
8
9                              RESPECTFULLY SUBMITTED,

10   DATED: May 15, 2012              **PRICE LAW GROUP APC**

11
12                                    By:_____
13                                        G. Thomas Martin, III
                                         Attorney for Plaintiff
14
15
16                        **DEMAND FOR JURY TRIAL**

17   Please take notice that plaintiff Ronald Ruybal demands trial by jury in this

18   action.
19
20
21
22
23
24
25
26
27
28